UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

DAVID L. JAMERSON,

                Plaintiff,                Case No. 2:17-cv-47

v.                                              Honorable Paul L. Maloney

UNKNOWN BEAUCHAMP, et al.,

                Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff David L. Jamerson, a state prisoner currently confined at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Lieutenant Unknown Beauchamp, Corrections Officer Unknown Pynonen, Corrections Officer Unknown Dove, Nurse Vicki Usitalo, and Lieutenant Wickstrom. In his complaint, Plaintiff alleges that on January 29, 2016, he was accused of throwing an unknown liquid on Corrections Officer Carroll. Plaintiff was placed on upper slot restriction, container restriction, and food loaf restriction. Plaintiff alleges that Defendant Beauchamp supervised a move team to extract Plaintiff from his cell in order to search for containers and implement the container restriction. As part of the search, Defendant Beauchamp ordered his team to confiscate Plaintiff's glaucoma medication. After Plaintiff was returned to his cell, he requested his glaucoma medication, but Defendant Beauchamp ignored his request. Later that day, Plaintiff made two requests for emergency medical attention due to pain in his left eye. Plaintiff's requests were denied by Defendants Pynonen and Dove. At some point during January 29, 2016, Defendant Usitalo told unit staff that it was alright for them to set Plaintiff's eye drops on the floor. As a result, Plaintiff refused to accept the eye drops.

Plaintiff claims that on February 21, 2016, Plaintiff was again accused of throwing an unknown liquid. Plaintiff was removed from his cell so that it could be searched for containers. The only containers found during the search were Plaintiff's new tube of Aqua Fresh toothpaste and his prescription eye drops for glaucoma and a serious optic nerve injury. Plaintiff requested his medication five or six times on February 21, 2016, to no avail. Plaintiff was transferred to the Marquette Branch Prison (MBP) on

February 22, 2016. The doctor at MBP ordered Plaintiff's prescriptions, but he did not receive them until February 29, 2016.

Plaintiff claims that Defendants violated his rights under the Eighth Amendment. Plaintiff seeks compensatory and punitive damages, as well as declaratory and equitable relief.

## Discussion

I.   <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal*

plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition

adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 898 (6th Cir. 2004), the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-

6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster v. Saginaw Cnty.*, 749 F.3d 437, 448 (6th Cir. 2014); *Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2013) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)).

Plaintiff claims that he was improperly deprived of his prescription eye drops on January 29, 2016, for a period of two weeks. In the step I response to Plaintiff's grievance on this incident, respondent W. Delene states:

> On 1/29/16 at 18:10 hrs the grievant took control of his upper door slot and would not allow staff to close it. At 18:46 hrs the grievant assaulted Officer Carroll with an unknown liquid using a container. Deputy Warden

> Niemi authorized a container restriction due to the grievant's behavior. Lieutenant Beauchamp imposed a container restriction on the grievant and did confiscate containers in his cell. Registered Nurse Usitalo was consulted and stated the medication could be requested as needed. The container was placed in the unit bubble and [Lieutenant] Beauchamp explained to the grievant, if he needed the medication, it would be given to him to use. There is no evidence to substantiate that Lieutenant Beauchamp or anyone else violated [Plaintiff's] access to [his] medication. The actions of staff were a direct result of [Plaintiff's] assaultive behavior and actions.

*See* ECF No. 1-1, PageID.10. In addition, as noted above, Plaintiff concedes that he refused his medication after Defendant Usitala told staff they could leave the eye drop bottles on the floor. Therefore, the fact that Plaintiff did not have access to his medication was the result of his own refusal to accept it, and was not because he was denied his medication by any of the named Defendants.

Plaintiff also claims that he was denied his eye drops on February 21, 2016, for a period of nine days. However, Plaintiff states that he was transferred to MBP on February 22, 2016, so was no longer under the control of the named Defendants. In the step I response to Plaintiff's grievance on this issue, Lieutenant R. Ekdahl states:

> Grievant could not be interviewed as he has transferred. [Lieutenant] Wickstrom was interviewed and stated on 2-21-2016 the grievant assaulted staff with an unknown liquid using a container. [Lieutenant] Wickstrom supervised a move team the[n] removed Jamerson from his cell and imposed a container restriction. Prisoner Jamerson had all containers restricted during the time frame the restriction was imposed for. Per health care Jamerson received all required medications during the time the container restriction was in effect. At no time was he denied medications or health care treatment. At the conclusion of the imposed container restriction all items were returned to the grievant.

*See* ECF No. 1-2, PageID.15. In addition, in the step II response, Warden Daniel Lesatz states that all medications were provided to Plaintiff while he was on the container restriction, and that all medications

were packed up with Plaintiff's property when he was transferred to MBP. *See* ECF No. 1-2, PageID.16. Based on the facts alleged in Plaintiff's complaint, as well as on a review of the exhibits to Plaintiff's complaint, it is clear that the conduct of the named Defendants did not rise to the level of an Eighth Amendment violation.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: <u>May 2, 2017</u>                         /s/ Paul L. Maloney
                                                                                               Paul L. Maloney
                                                                                               United States District Judge